BANK OF ATKINS *v.* TEAGUE.

4-6910 · 166 S. W. 2d 1017

Opinion delivered December 21, 1942.

*Hays & Wait,* for appellant.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

McHANEY, J. R. D. Teague and his brother, E. W. Teague, became indebted to appellant in the sum of $800 for borrowed money in 1923. Payments were made and renewal notes given up to November 21, 1933, when the final renewal note for $600 was given. This note remaining unpaid, appellant brought suit against the makers of the note on March 5, 1935. Said R. D. Teague and his wife, appellee, in the meantime, had removed from Atkins, Arkansas, to Texas. All the property he owned in Arkansas at the time suit was filed was a 200 acre farm and a house and certain lots in the town of Atkins. Attachment was sued out and levied on said lands and a warning order was published for said R. D. Teague. Later personal service was had on him as also on E. W. Teague. On November 11, 1935, judgment by default was entered against both for $820.80 with 10% interest thereon from March 1, 1935, until paid. Later an execution was issued and a levy made on the 200 acres of farm lands and the house and lots in Atkins, which were sold to appellant for $1,000 and a certificate of purchase issued to it.

Prior to the expiration of the one year redemption period, appellee filed this action against appellant and the sheriff, seeking to enjoin them from proceeding further under said sale, and praying that the sale and proceedings be set aside as a cloud on her title. She claimed title to said property by virtue of the joint deed of her and her husband to their son-in-law, E. C. Hill, dated November 16, 1931, but not recorded until May 10, 1935, and the deed of said E. C. Hill and wife,

dated January 9, 1932, to appellee. Both deeds recited a consideration of $1. Appellant answered this suit, alleging the conveyances were executed with the fraudulent intent to prevent it from collecting its debt and praying cancellation of said deeds as a cloud on its title.

Trial resulted in a decree, holding in effect that said conveyances of the farm lands by which appellee acquired the record title were voluntary, fraudulent and were void and of no effect as against appellant's judgment against R. D. Teague. The court further held that appellee should be subrogated to the rights of a prior mortgagee whose debt had been discharged by her, after thus acquiring the title to the farm lands in fraud of appellant's rights, and decreed the amount thus paid by her, together with the amount she had paid out for general and special taxes, in the total sum of $3,660.17, to be a lien on said lands, prior and paramount to the lien of appellant's judgment. It was directed to credit the amount of its bid for the town property on the amount of its judgment and was given a second lien on the farm lands for the balance. If both liens were not paid within 30 days, the property was ordered sold to satisfy same. This appeal followed.

We are of the opinion that the trial court correctly held the conveyances by which appellee acquired the title to the 200 acres of farm lands were fraudulent and void as against appellant, and should be canceled. Whether this part of the decree, rendered May 29, 1939, was final and appealable, and not having been appealed from within six months may not now be questioned, we do not now determine. The facts are that this conveyance was made at a time when R. D. Teague was indebted to appellant and denuded him of all property he owned in the State of Arkansas, except the town property in Atkins, which was insufficient to pay his debt to appellant, was voluntary, that is, without consideration, was to his wife, and such a conveyance will be scrutinized with care, and when voluntary is *prima facie* fraudulent; and when the embarrassment results in insolvency the conveyance is conclusively presumed fraudulent as to existing creditors.

*Brady* v. *Irby,* 101 Ark. 573, 142 S. W. 1124, Ann. Cas. 1913E, 1054. So we conclude the trial court correctly held the conveyance here involved, from husband to wife, was fraudulent as to appellant, an existing creditor.

However, we think the court erred in decreeing appellee a prior lien for the sums she has expended in extinguishing the mortgage indebtedness against said lands, and in paying taxes and special assessments.. Appellee actively participated in the fraudulent conveyance. She knew her husband was indebted to appellant and that she and he were indebted on mortgage on said lands, she having signed that note. The general rule, supported by a majority of the cases passing on the question, including our own case of *Millington* v. *Hill, Fontaine & Co.,* 47 Ark. 301, 1 S. W. 547, is that a grantee who has actively participated in the fraud is not entitled, as against creditors of the grantor, when the conveyance is set aside, to reimbursement for expenditures made by him in payment of taxes and prior incumbrances on the property, and is not subrogated to the rights of the holders of such prior liens. 8 A. L. R. 529 and 87 A. L. R. 830, and *Svalina* v. *Saravana,* 341 Ill. 236, 173 N. E. 281, 87 A. L. R. 830.

In *Millington* v. *Hill, Fontaine & Co., supra,* this court said: "On the other hand, we do not deny the principle that where a person pays money for which another is liable, equity will clothe his claim with the garb the contract he has discharged was invested with, but it is never applied in aid of a fraud. It is a maxim that 'he that hath committed iniquity shall not have equity,' and in accordance with it, it is the settled rule that a 'a party bargaining with a debtor with fraudulent intent, does it at the peril of having that which he receives taken from him by the creditors of the debtor whom he is attempting to defraud, without having any remedy to recover what he parts with in carrying out the bargain.' Waite Fr. Conv., § 192; *Milwaukee & M. Railroad* v. *Soutter,* 13 Wall. 517, 20 L. Ed. 543; *Pettus* v. *Smith,* 4 Rich. Eq. (S. C.) 197. Mrs. Millington must be left in the snare her own devices have laid."

So, here, appellee, having acquired the property through fraud of appellant and having paid off the mortgage indebtedness and taxes, must be held to have done so for the benefit of her husband and his creditors, and she "must be left in the snare her own devices have laid."

The decree will be reversed in this regard and the cause remanded with directions to dismiss her complaint for want of equity, but with the right of redemption from the execution sale of the 200-acre farm, by paying the balance due on the judgment with interest and costs, including the costs of this case in the lower court and in this court, after credit has been given on said judgment for the sale price of the town property, within 90 days after this judgment becomes final.